**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4567**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOHN EDWARD LUDWIG,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., Senior District Judge. (6:08-cr-00435-GRA-1)

_____

Submitted: May 3, 2010             Decided: June 15, 2010

_____

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Edward Ludwig pled guilty to possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2009), and was sentenced to seventy months' imprisonment. Ludwig appeals, and Ludwig's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning the adequacy of the Fed. R. Crim. P. 11 hearing and the reasonableness of Ludwig's sentence, but concluding that there are no meritorious grounds for appeal. For the reasons that follow, we affirm Ludwig's conviction, but vacate his sentence and remand for resentencing.

Because Ludwig did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the record leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Ludwig's guilty plea and that any omissions did not affect Ludwig's substantial rights. Critically, the transcript of the plea hearing reveals that the district court ensured the plea was supported by an independent factual basis and that Ludwig entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

2

Turning to Ludwig's sentence, we review it for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Finally, this court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In this case, Ludwig moved for a downward departure under U.S. Sentencing Guidelines Manual § 5K2.20 (2008) and asked the court to consider a sentence below the guidelines range, citing his remorse, age, lack of criminal history, cooperation with authorities, and the consequences he had suffered as a result of his actions. In imposing a seventy-month sentence, the district court stated merely that it believed Ludwig and had "considered the advisory sentencing guidelines and . . . the relevant statutory sentencing factors." There is no indication in the record that the court considered Ludwig's request for a below-guidelines sentence and the Government failed to show that the absence of an individualized explanation of the sentence was harmless. Lynn, 592 F.3d at 585. Because it is not clear whether the district court's explicit consideration of Ludwig's arguments would have affected his sentence, and the court did not provide an explanation for its sentence sufficient to permit effective appellate review, we must vacate Ludwig's sentence and remand for resentencing.

In accordance with Anders, we have reviewed the record in this case and find no other meritorious issues for review. This court requires that counsel inform Ludwig in writing of his right to petition the Supreme Court of the United States for further review. If Ludwig requests that a petition be filed, but counsel believes that such a petition would be frivolous,

4

then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ludwig. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>